FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorneys for Defendants The City of Yonkers, The Yonkers Corporate Councel (sic),
Laurence Porcari (sic), The Yonkers Police Department,
P.O. Rienzi (sic) and P.O. John Does
City Hall, Room 300, Yonkers, New York 10701
By:  Raymond P. Schmidt (RS1713)
Assistant Corporation Counsel (914) 377-6260

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHEREEN BOBROWSKY,

                                        Plaintiff,

              - against -

THE CITY OF YONKERS; THE YONKERS                    07 Civ 8817 (SCR)
CORPORATE COUNCEL and LAURENCE
PORCARI; THE YONKERS CRIMINAL COURT
and JUDGE WOOD; THE YONKERS POLICE               **DECLARATION IN**
DEPARTMENT, PO RIENZI and PO JOHN DOES;          **OPPOSITION TO**
THE WESTCHESTER FAMILY COURT and JUDGE            **REQUEST FOR**
DAVID KLEIN; THE WESTCHESTER DA,                 **INJUNCTIVE AND**
ADA R SMITH, ADA LOGIN, ADA GARETTO              **DECLARATORY**
AND JOHN DOES,                                    **RELIEF**
                                        Defendants.
-------------------------------------------------------------X

       **RAYMOND P. SCHMIDT**, an attorney duly admitted to practice law in the

United States District Court for the Southern District of New York, declares pursuant to

28 U.S.C. § 1746 the following:

       1.       I am an Assistant Corporation Counsel in the Office of Frank J. Rubino,

Corporation Counsel for the City of Yonkers, attorney for defendants, The City of

Yonkers, The Yonkers Corporation Counsel, Lawrence Porcari, The Yonkers Police

Department, P.O. Renzi, and P.O. John Does (hereinafter collectively referred to as the

"City"), and I submit this Declaration in Opposition to plaintiff's Affirmation in Support

of Request for Injunctive and Declaratory Relief.

2.     This Declaration is submitted upon information and belief, the source of which is the file of this matter maintained by the Office of the Corporation Counsel of the City of Yonkers.

3.     The plaintiff, SHEREEN BOBROWSKY, originally filed a Complaint and two Orders to Show Cause for Injunctive and Declaratory relief as a *pro se* plaintiff. At a Court conference held on December 5, 2007, this Court and all parties concerned were informed that Anthony John Messina, Esq. was retained by the plaintiff to represent her in this matter. At the December 5, 2007 conference it was determined that plaintiff's counsel would redraft an Order to Show Cause so that the facts and allegations pertaining to this matter could be more easily understood. The redrafted Order to Show Cause was to be served the week of December 24, 2007, with a conference to follow on January 8, 2008. Ultimately, the scheduled conference was adjourned to January 15, 2008, at which time plaintiff's counsel served the redrafted papers.

4.     The plaintiff is seeking modification of various Orders of Protection issued in the interests of physical safety and welfare for all parties concerned by a State Court of competent jurisdiction, the Family Court of Westchester County.

5.     An Order of Protection dated June 23, 2006 signed by Judge Klein of Family Court, Westchester County directing the Plaintiff to refrain from stalking or menacing her mother and to stay away from her mother's bedroom is attached hereto as Exhibit 1.

6.     Plaintiff then brought a motion in Family Court to overturn the Order of protection. The Court denied her motion. Attached hereto as Exhibit 2 is a copy of the June 18, 2007 Decision and Order of Judge Klein denying Plaintiff's motion.

7.    Plaintiff appealed that decision in the Appellate Division, Second Department.  Attached hereto as Exhibit 3 is a copy of the September 19, 2007 Decision and Order of the Appellate Division, Second Department denying Plaintiff's motion to dismiss the appeal and enlarging her time to perfect the appeal.

8.    On July 20, 2007 the Yonkers City Court also issued an Order of Protection signed by Judge Wood directing Plaintiff to stay away from her mother and her brother and the home.  A copy of which is attached hereto as Exhibit 4.

9.    On July 17, 2007 a Complaint, which is attached hereto as Exhibit 5, was filed against the plaintiff herein in the Yonkers City Court, Criminal Division on behalf of the People of the State of New York alleging criminal contempt for violating the Orders of Protection.

10.    On October 13, 2006 the plaintiff filed a Complaint in the Supreme Court, Westchester County against her mother and brother asserting property rights of real property located in Yonkers, New York.  A copy of which is attached hereto as Exhibit 6.

11.    Attached hereto as Exhibit 7 is a copy of the plaintiff's letter to the editor published in the December 7, 2007 issue of "The Westchester Guardian."

12.    On October 17, 2007 the plaintiff was convicted in Yonkers City Court, upon a jury verdict, of criminal contempt in the second degree for violating the Order of Protection.  (See Plaintiff's Exhibit C).

13.    On January 2, 2008 the Supreme Court, Westchester County issued a Decision (See Plaintiff's Exhibit A) finding the plaintiff as owner in fee simple of 88 Fanshaw Avenue, Yonkers, New York.

14.     The City of Yonkers Defendants merely enforced a valid Order of Protection issued by a Court of competent jurisdiction. The plaintiff seeks modification of such Orders. It should be noted that the City of Yonkers played no role in the act of issuing any such orders, and merely played a role in their enforcement. Therefore, the relief plaintiff is seeking is not connected to the City.

15.     The plaintiff's Orders to Show Cause should be denied because the plaintiff fails to meet her requisite burden of showing irreparable harm. The Supreme Court, Westchester County has quieted title to 88 Fanshaw Avenue finding the plaintiff to be the sole owner in fee simple. Plaintiff has any and all rights and privileges associated with real property ownership. As such, there is no irreparable harm. Plaintiff can sell the property, charge rent, or take any other ownership action. There can be no irreparable harm with so many other options available to the plaintiff.

16.     Moreover, plaintiff's ownership of the real property makes the claims contained in the request for declaratory and injunctive relief overripe, and therefore moot. Even if, *arguendo*, there was a viable claim at one time, the plaintiff's ownership of the property eliminates that claim. There is no controversy if plaintiff is free to sell, mortgage, rent, or assert other rights associated with the property while also complying with the Orders of Protection.

17.     This Court lacks subject matter jurisdiction to render declaratory and injunctive relief. Plaintiff relies on 42 U.S.C. §§407 and 408 to invoke the requisite subject matter jurisdiction. For the reasons more fully set forth in the accompanying Memorandum of Law, that reliance is misplaced. There is no federal question pertaining

to plaintiff's application and therefore this Court lacks the jurisdiction necessary to provide such relief.

18.    Even if there were federal questions, the <u>Younger</u> Abstention Doctrine applies because there are ongoing state proceedings that implicate important state interests that give the plaintiff an adequate opportunity to raise any federal questions.

19.    Plaintiff's discontentment with the outcome of certain state proceedings does not create the requisite irreparable harm or the subject matter jurisdiction necessary for this Court to render injunctive and declaratory relief in the matter.   Further, the Supreme Court, Westchester County's decision has made the within application moot. Finally, <u>Younger</u> abstention principles apply due to the contemporaneously pending state court proceedings.

**WHEREFORE**, for the reasons set forth herein and in the accompanying Memorandum of Law, the City defendants respectfully request that the Court deny all  of the plaintiff's Orders to Show Cause and Requests for Injunctive and Declaratory Relief in their entirety and grant such other and further relief as the Court deems just and proper.

Dated: January 25, 2008
      Yonkers, New York

              Respectfully submitted,

              FRANK J. RUBINO
              Corporation Counsel
              of the City of Yonkers

              By: _____
              Raymond P. Schmidt (RS1713)
              Assistant Corporation Counsel
              40 South Broadway, Room 300
              Yonkers, New York 10701
              (914) 377-6260

TO:    Messina & Associates P.C.
Attorney for Plaintiff
81 Main Street – Suite 118
White Plains, New York 10601
914-949-9440

Susan Anspach, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271
212-416-8548

Jane Hogan Felix
Senior Assistant County Attorney
148 Martine Ave
White Plains, New York 10601
914-995-2660

# EXHIBIT 1

F.C.A §§ 446, 551, 656, 842 & 1056

ORI No: NY059023J
Order No: 2006-002248
NYSID No: _____

NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within
is a true copy of an order entered in
the office of the Clerk of the Family
Court of the State of New York in the
County of Westchester.

Date: ..... 6-23-06 (S)

_____
Chief Clerk of the Court

Order
Distributed    ☐ P    ☐ P-ATY
              ☐ R    ☐ R-ATY
              ☐ DSS/SCU    ☐ Other

GFs2 2002

A true copy of the Family Court of the State of New York,
held in and for the County of Westchester, at Courthouse
53 So. Broadway, Yonkers, NY 10701, on June 23, 2006

PRESENT: Honorable David Klein

In the Matter of a FAMILY OFFENSE Proceeding

Lillian Bobrowsky (DOB: 09/02/1927),
                                Petitioner,

- against -

Shereen Bobrowsky (DOB: 03/11/1954),
                                Respondent.

File #      105277
Docket#    O-08295-06

Order Of Protection

Both parties present in court

NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY
ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO
SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION
AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT.

A petition under Article 8 of the Family Court Act, filed on June 14, 2006 in this Court and on consent,

Now, therefore, it is hereby ordered that Shereen Bobrowsky (DOB: 03/11/1954) observe the following conditions of
behavior:

[02]    Refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation,
        threats or any criminal offense against Lillian Bobrowsky (DOB: 09/02/1927);

[99]    Observe such other condition(s) as are necessary to further the purposes of protection: Shereen Bobrowsky (DOB:
        03/11/1954) is to stay away from the bedroom of Lillian Bobrowsky;

It is further ordered that this Order Of Protection shall remain in effect up to and including June 23, 2007;

Dated:        June 23, 2006                                    ENTER

*PLEASE TAKE NOTICE* that pursuant to section 1113 of the
family court act, an appeal must be taken within thirty days of
the receipt of the order by the appellant in court, thirty-five days
from the mailing of the order to the appellant by the clerk of the
court, or thirty days after service by a party or law guardian
upon the appellant, whichever is earliest.

_____
Honorable David Klein

    The **Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize, and in some situations may require, such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face whatever penalties may be imposed therefor.

    **Federal law provides** that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if it is established that the person against whom the order is sought has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 U.S.C. §§2265, 2266).

    **It is a federal offense to:** cross state lines to violate an order of protection; cross state lines to engage in stalking, harassment or domestic violence against an intimate partner or family member; possess, purchase, ship, transfer or receive a handgun, rifle, shotgun, or other firearm or ammunition following a conviction of a domestic violence misdemeanor involving the use or attempted use of physical force or a deadly weapon; or (except for military or law enforcement officers while on duty) possess, purchase, ship, transfer or receive a handgun, rifle, shotgun or other firearm or ammunition while an order of protection, issued after notice and an opportunity to be heard, that protects an intimate partner against assault, harassment, threatening and/or stalking, remains in effect (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:

[ ] Personal service executed [specify date(s)]:_____

[ ] Order mailed on [specify date(s) and to whom mailed]:_____

[ ] Order received in court on [specify date(s) and to whom given]:_____

[ ] Warrant issued for Respondent [specify date]:_____

**EXHIBIT 2**

NOTICE OF ENTRY

EASE TAKE NOTICE that the within
a true copy of an order entered in
a office of the Clerk of the Family
urt of the State of New York in the
unty of Westchester.

ate: ........... 6/18/07

...........................
Chief Clerk of the Court

order ☑ ☑ ☐ P-ATY
      ☑ R ☑ ☐ R-ATY
Distributed  ☐ C-ATY
☐ DSS/SCU      ☐ M
☐ OTHER .......

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PRESENT: HON. DAVID KLEIN
                        JUDGE

------------------------------------X

In the Matter of a Proceeding Under
Article 8 of the Family Court Act

LILLIAN BOBROWSKY,

                        Petitioner,

        -against-

SHEREEN BOBROWSKY,

                        Respondent.
------------------------------------X

FU# 105277
Doc. No. O-8295-06

DECISION AND ORDER
ON MOTION

        The following papers numbered 1 through 13 were read on this
*pro se* application titled "Motion to Compel" and filed by the
above-named Respondent seeking various relief:

                                        Papers Numbered

        Motion to Compel-Affidavit-Exhibits:--------------1-13

Upon the foregoing papers it is ordered and adjudged that the
motion is denied for the reasons set forth below.

        The instant application is the second motion for relief filed
by this *pro se* respondent within the last ten days. The first was
denied on June 7, 2007 for failure to present a legal basis for
relief (Klein, J.).

        To the extent that the relief sought can be determined from
the instant papers, it appears that movant seeks dismissal of the
above-docketed family offense petition, a written order signifying
the court's requirement that the petitioner's attorney appear
before the court on June 20, 2006, and additional relief related to
issues of property and alleged fraud.

The petition that movant seeks dismissal of was heard and concluded in June of 2006.  Specifically, the parties thereto are mother and daughter, and the underlying factual context which gave rise to the petitioner/mother's filing of a family offense petition has to do with a family dispute over ownership of the property in which the petitioner/mother, respondent/daughter, and respondent's brother live.   The petitioner, an elderly woman, appeared on June 14, 2006, at which time she reported that her attorney had directed her to make an *ex parte* application in Family Court for a temporary order of protection.  The court requested that an attorney from the Pace Women's Justice Center appear with petitioner to give her assistance in presenting her petition.  Based upon representations made in the petition and in open court, the court granted a temporary order of protection, requiring the respondent, *inter alia*, to vacate the premises.  The matter was adjourned to June 20, 2006, and the court asked counsel to contact petitioner's attorney and direct him to appear at that time.

On the adjourned date, respondent appeared with counsel; however, petitioner's counsel had submitted to the court an affirmation of actual engagement, and the matter was adjourned, without objection, to June 23, 2006.    The court notes that respondent and her counsel were informed that the issues of title and possession of property, and any alleged fraud related thereto, are not within the subject matter jurisdiction of the Family Court, and that the matter would go forward as to the sole issue of the alleged family offense.   Respondent's counsel indicated that he was prepared to suggest a possible resolution to petitioner's counsel, and the temporary order of protection was extended to the adjourned date.  On June 23, 2006, both parties appeared with their respective counsel, and the family offense matter was resolved with entry of a permanent order of protection for a period of one year,

2

upon the consent of the respondent. The provisions of said order of protection, permitted respondent's return to the home under certain conditions.

In light of the foregoing, it is clear that respondent's application for relief must be denied. There is no pending proceeding to be dismissed, and the court's directive to petitioner's counsel to appear on a particular date was not the subject of an order, written or otherwise, to which respondent is entitled. Finally, respondent is reminded that the family offense matter was resolved upon consent of the parties in the presence of their counsel, and that this court is not the appropriate forum to address issues of title and possession of property and/or alleged fraud. Respondent is advised to consult with counsel before filing further proceedings seeking to address issues not properly brought in the Family Court.

Based upon the foregoing, it is hereby

**ORDERED** that the instant application titled "Motion to Compel" is denied in its entirety and with prejudice.

This constitutes the Decision and Order of this Court.

Dated:    June 18 , 2007
          Yonkers, New York

                              E N T E R:

                              _____
                              HON. DAVID KLEIN, J.F.C.

3

**EXHIBIT 3**

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

M6 0085
E/sl

HOWARD MILLER, J.P.
GLORIA GOLDSTEIN
STEVEN W. FISHER
THOMAS A. DICKERSON, JJ.

DECISION & ORDER ON MOTION

2007-06009

In the Matter of Lillian Bobrowsky, respondent,
v Shereen Bobrowsky, appellant.

(Docket No. O-8295-06)

Appeal by Shereen Bobrowsky from an order of the Family Court, Westchester County, dated June 18, 2007. By order to show cause dated August 16, 2007, pursuant to § 670.4(a)(5) of the rules of this court (22 NYCRR 670.4[a][5]), the parties or their attorneys were directed to show cause before this court why an order should or should not be made and entered dismissing the appeal in the above-entitled proceeding for failure to comply with a scheduling order dated July 9, 2007. Motion by the appellant for leave to prosecute the appeal as a poor person, for the assignment of counsel, and to enlarge the time to perfect the appeal.

Upon the motion to dismiss the appeal and the papers filed in response thereto and upon the motion for leave to prosecute the appeal as a poor person and for the assignment of counsel and the papers filed in opposition thereto, it is

ORDERED that the motion to dismiss the appeal is denied; and it is further,

ORDERED that the branches of the motion which are for leave to prosecute the appeal as a poor person and for the assignment of counsel are denied; and it is further,

ORDERED that the branch of the motion which is to enlarge the time to perfect the appeal is granted, the appellant's time to perfect the appeal by causing the original papers constituting the record on the appeal to be filed in the office of the Clerk of this court (see 22 NYCRR 670.9[d][2]) and by serving and filing a brief on the appeal is enlarged until October 22, 2007, and it is further,

Page 1.

September 19, 2007  MATTER OF BOBROWSKY v BOBROWSKY

ORDERED that no further enlargements of time shall be granted.

MILLER, J.P., GOLDSTEIN, FISHER and DICKERSON, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

Page 2.

September 19, 2007

MATTER OF BOBROWSKY v BOBROWSKY

# EXHIBIT 4

Criminal Form 1 9/06

ORI No:   NY059051J

Order No:  2007-000047

NYSID No:  _____

CJTN No:  _____

At a term of the Yonkers City Court, County of Westchester
at the Courthouse at R.W. Cacace Justice Center 100 South Broadway,
Yonkers, NY 10701

ORDER OF PROTECTION
Family Offenses - C.P.L. 530.12
Other Domestic Violence Crimes - C.P.L.
530.13

PRESENT: Honorable Charles David Wood,

---

PEOPLE OF THE STATE OF NEW YORK

against

Shereen Bobrowsky           , Defendant
DOB:
03/11/1954

Part: DV
Index/Docket No: 06-4495
Indictment No.: If any _____
Charge: PL 215.50.03 AM

Defendant present in court

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION
WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A
TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER
MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL YOU REAPPEAR IN COURT.

TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary
order of protection

And the Court having made a determination in accordance with section 530.12 or 530.13 of the Criminal
Procedure Law,

IT IS HEREBY ORDERED that Shereen Bobrowsky (DOB: 03/11/1954) observe the following conditions of behavior:

[01] Stay away from:

   [A]   Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB: 04/17/1957);

   [B]   the home of Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB: 04/17/1957);

   [C]   the school of Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB: 04/17/1957);

   [D]   the business of Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB: 04/17/1957);

   [E]   the place of employment of Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB:
   04/17/1957);

[14]  Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other means
    with Lillian Bobrowsky (DOB: 09/02/1927) and Jacques Bobrowsky (DOB: 04/17/1957);

[02]  Refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct,
    intimidation, threats or any criminal offense against Lillian Bobrowsky (DOB: 09/02/1927) and Jacques
    Bobrowsky (DOB: 04/17/1957);

[11]  Permit Shereen Bobrowsky (DOB: 03/11/1954) to enter the residence at 8& Fanshow Ave, Yonkers, NY
    10701 During: January 11, 2007 between 10:00 am and 12:00 pm with Yonkers Police Department to remove
    personal belongings not in issue in litigation; winter clothing and prescription meds;

[12]  Surrender any and all handguns, pistols, revolvers, rifles, shotguns and any other firearms owned or
    possessed, including, but not limited to, the following: unspecified. Such surrender shall take place
    immediately, but in no event later than unspecified at unspecified;

IT IS FURTHER ORDERED that this Temporary Order Of Protection shall remain in effect until July 20, 2008.

DATED:   July 20, 2007

_____
Honorable Charles David Wood

[X]   Defendant advised in Court of issuance and contents of Order.

[X]   Order personally served on Defendant in Court

_____
(Defendant's signature)

   Service Executed Date: 07-20-07

[ ]   Order to be served by other means [specify]: _____

[ ]   Warrant issued for Defendant

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to
his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to
bring him or her before the court to face whatever penalties may be imposed therefor.

Federal law provides that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a
commonwealth, territory or possession of the United States, if it is established that the person against whom the order is sought has been or will be afforded
reasonable notice and opportunity to be heard in accordance with state law, sufficient to protect that person's right (18 USC §§2262, 2266).

It is a federal offense to: cross state lines to violate an order of protection; cross state lines to engage in stalking, harassment of domestic violence
against an intimate partner of family member; possess, purchase, ship, transfer or receive a handgun, rifle, shotgun, or other firearm or ammunition following
a conviction of a domestic violence misdemeanor involving the use or attempted use of physical force or deadly weapon; or except for military or law
enforcement officers while on duty possess, purchase, ship, transfer or receive a handgun, rifle, shotgun or other firearm or ammunition while an order of
protection, issued after notice and an opportunity to be heard, that protects an intimate partner against assault, harassment, threatening and/or stalking.

# EXHIBIT 5

06-4495

# CITY COURT
## CITY OF YONKERS
## COUNTY OF WESTCHESTER

### FAMILY OFFENSE-MISDEMEANOR INFORMATION

THE PEOPLE OF THE STATE OF NEW YORK
-against-

SHEREEN BOBROWSKY   88 Fanshaw Avenue, Yonkers, NY            03/11/1954

Defendant(s)

Be it known that the complainant herein Police Officer Rodriguez , of the City of Yonkers Police Department , Westchester County, New York, accuses the defendant(s) named above of the following offense(s) committed at 88 Fanshaw Avenue, City of Yonkers, New York at about July 15, 2006 at 10 8 PM

COUNT ONE : The Offense of CRIMINAL CONTEMPT IN THE SECOND DEGREE, a violation of Penal Law PL 215.50  03   AM2

The Defendant(s) he/she engages in any of the following conduct intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law.

To wit: The defendant(s) at the above date, time and place, did intentionally disobey and resist a mandate of a court in that she intentionally violated a valid order of protection(order #2006-002248, docket # O-08295-06) from the Yonkers Family Court that states the defendant is to stay away from victim Lillian Bobrowsky's bedroom. The defendant stood in front of Lillian Bobrowsky's bedroom and stared angrily at her, causing her to feel intimated and fearful of her safety. / This case does not involve or grow out of a labor dispute as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law.

The above allegation(s) of fact are made by the complainant herein on direct knowledge (and upon information and belief), with the source(s) of complainant's information and the grounds for his or her belief being see attached depositions.

NOTICE: PURSUANT TO THE PENAL LAW, SECTION 210.45, IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

P.O. _David Rodriguez_ #3618

July 17, 2006

Signed

# EXHIBIT 6

SUPREME COURT OF NEW YORK STATE
COUNTY OF WESTCHESTER

------------------------------------------------------------X

SHEREEN BOBROWSKY,

                    Plaintiff(s),

                                                    **COMPLAINT**

    -against-

                                                    Index No.: 06-20537

JACQUES BOBROWSKY AND LILLIAN
BOBROWSKY, HERBERT N. POSNER,
ESQ., AND JUDICIAL TITLE INSURANCE
AGENCY, LLC,

                    Defendant(s).

------------------------------------------------------------X

FILED

OCT 13 2006

TIMOTHY C. ___
COUNTY CLERK
COUNTY OF WESTCHESTER

The plaintiff, Shereen Bobrowsky alleges as follows:

## COUNT I
## FRAUDULENT CONVEYANCE

1. This action is brought pursuant to N.Y. Real Property Actions and Proceedings Law Article 15 to compel the determination of claims to real property described in this complaint.

2. The plaintiff Shereen Bobrowsky is legally physically disabled due to a spinal injury with multiple failed spinal surgeries resulting in chronic nerve pain.

3. Plaintiff Shereen Bobrowsky completed a 6 month long chemotherapy treatment on or about April 29, 2006.

4. The plaintiff Shereen Bobrowsky, is the owner of record of a tract of land, KNOWN AS 88 Fanshaw Avenue, Yonkers, NY adjoining the premises described and designated above and all that certain piece or parcel of land, together with the building situate, lying and being in the City of Yonkers, County of Westchester, and State of New York bounded and described as follows:

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Yonkers, County of Westchester, State of New York, known and designated as Lots No. 56 and 57, on a certain map entitled "Map of Van Cortlandt Terrace, in the City of Yonkers, Westchester County, New York" dated June 1st, 1899 made by Lorini, C.E. Yonkers, New York, amended April 8, 1907, and filed on the 12th day of April 1907 in the Register's Office of Westchester County as Map No. 1711.

5. At all times mentioned in this complaint, the plaintiff was and still is a resident continuously resides in the house located of the City of Yonkers, County of Westchester and State of New York and the defendants were and still are residents of the City of Yonkers, County of Westchester and State of New York

6. The plaintiff at all times since May 23, 1994, was and now is the owner of the following described premises, located and situate in the City of Yonkers, County of Westchester and State of New York: and the defendant Lillian Bobrowsky, resident of the City of Yonkers, County of Westchester and State of New York: 88 Fanshaw Avenue aka 40 Fanshaw Avenue, Yonkers, NY 10705 known as block 22 lot 38; and defendant Jacques Bobrowsky, as a visiting guest and temporarily residing at 88 aka 40 Fanshaw Avenue, Yonkers, NY 10705, known as block 22 lot 38.

7. Plaintiff acquired her estate by virtue of a deed made and delivered on or about May 23, 1994 by John Romano, esq., and recorded in the office of the Clerk of Westchester County on June 14, 1994, in Liber 10878 at page 219. Plaintiff signed agreement with schedule B consisting of all contents of the home and a deed on or about February 27, 1995 by Zevie Schizer, Esq and David Gendelman, Esq.

Bobrowsky in a Family Court action initiated on June 14, 2006.

22. In this action, Herbert N. Posner with Judicial Title unduly influenced Jacques Bobrowsky and Lillian Bobrowsky into a real estate action.

23. On September 7, 2006, the fraudulent deed was recorded with Herbert Posner's signature, Herbert Posner's notarization, and Herbert Posner's address at 800 Westchester Avenue, Suite S-340, Rye Brook, NY.

24. On July 24, 2006, defendants fraudulently signed deed purchase agreement to transfer title from Lillian Bobrowsky to Jacques Bobrowsky recorded on or before September 7, 2006.

## COUNT III

Plaintiff Shereen Bobrowsky repeats and reiterates the prior allegations in paragraphs "1" through "24" with the same force and effect in this complaint.

25. Plaintiff Shereen Bobrowsky is the true owner of the contents of the house and property located at 88 Fanshaw Avenue.

26. Plaintiff Shereen Bobrowsky's personal items and contents of the house including books, collectibles, antiques, priceless heirlooms in the house have been sold on E-Bay, etc., without her consent or approval.

27. Defendant Herbert Posner, Esq., instructed defendant Jacques Bobrowsky to remove all the personal items of plaintiff Shereen Bobrowsky of 88 Fanshaw Avenue and to sell the items to pay for his legal fees.

28. The defendants wrongfully converted plaintiff Shereen Bobrowsky's personal property, causing irreparable and irrevocable damage.

WHEREFORE, plaintiff Shereen Bobrowsky respectfully requests judgment against defendants Herbert N. Posner, Esq., Judicial Title Agency LLC, Jacques Bobrowsky and Lillian Bobrowsky for the sum of TEN MILLION DOLLARS ( $10,000,000.000), TOGETHER with such other and further relief as seems just and proper to this Court.

Dated: Yonkers, New York
       October 11, 2006

Shereen Bobrowsky
P.O. Box 1305
Bronx, NY 10471
914-433-2848

MARTIN J. WEEMAELS
Notary Public, State of New York
No. 4936684
Qualified in Westchester County
Term Expires August 22, 20 1 ○

To: Jacques Bobrowsky
   88 Fanshaw Avenue
   Yonkers, NY 10705

   Lillian Bobrowsky
   88 Fanshaw Avenue
   Yonkers, NY 10705

   Herbert N. Posner, Esq.
   800 Westchester Avenue, Suite S-340
   Rye Brook, NY

   Judicial Title Insurance Agency, LLC
   800 Westchester Avenue, Suite S-340
   Rye Brook, NY

# EXHIBIT 7

# THE WESTCHESTER GUARDIAN

*Westchester's Most Influential Weekly*

VOL. II NO. XVIII

THURSDAY, DECEMBER 6, 2007

# Are School Lunches Poisoning Our Children?



## This Week...

Page 2:
White Plains Mayor Delfino
On Homeless In His City

Page 3:
Court Report:
Feds Crimping Colombian
Drug Pipeline

Page 4:
In Our Opinion:
Eliot Spitzer: Don't Say We
Didn't Warn You

Page 20:
Taking Judicial Notice:
Witness Who Couldn't Speak
(Conclusion)

## *Our Readers Respond,* continued from page 4

### Yonkers PD And Corporate Counsel Gang Up On Her

**Dear Editor:**

I was weakened from chemotherapy when I was abandoned and retaliated against by my own city's protectors, the Yonkers Police.

On 2-28-06, YPD Officer Dean Renzi from the Third Precinct of Southwest Yonkers appeared with his partner after my third call to the local police. I stated that a male I now know as Robert Potanovic, related to a Yonkers officer, backed his truck into my person while I was standing. He then got out of his truck and with RAGE, grabbed me and assaulted me. PO Renzi refused to arrest Potanovic saying "**he personally did not witness the assault**". Renzi also failed to give me the male's ID or insurance information even when I stated I was injured. I lost a couple of teeth, cracked other teeth, rib trauma, spinal trauma, and the trauma of the assault. A neighbor passed and Renzi shooed him away saying it was none of his concern rather than attempt to

investigate. I called the Third Precinct for a supervisor. FOUR more officers came. The officers only questioned the assaulter, Potanovic. One of the new group walked over to me and said if I persist on obtaining the male's ID or insurance information, they could always take ME for psychiatric evaluation. Taking that as a threat, I called the Yonkers Mayor and the Westchester DA.

When the police report did not show MY statement, I complained to the DA and Marty Peterson of Mayor Amicone's office. Mr. Peterson had Lt. Hodges from Comm. Taggert's office contact me. Lt. Hodges had two officers take me to ADA Login at the Yonkers Cacase Justice Center in early March 2006 to address the assault. ADA Login met with the two (different) officers but he refused to meet with me, the victim of an assault. I wondered who was this Potanovic or Renzi that the assault upon me was being covered up. Lt. Hodges interrogated me. When he stated I was changing my story and that he would stick by his officer no matter what, I then stated that I taped us to prevent any misinterpretation of the truth. He was livid. The DA's office had ADA Brian Conway send a complaint dated 3-21-06, to Police Commissioner Taggert. That was the last I heard from the DA. I sent the additional related incidents to the DA and Internal Af-

fairs. I tried contacting Internal Affairs, Commissioner Taggert, Commissioner Hartnet, and Mayor Amicone by certified FOIL requests to no avail. My last call to ADA Conway ended with a threat that if I pursued asking about the police misconduct, he would consider it harassment.

On May 5, 2006, while on chemotherapy, for no cause, a Yonkers officer grabbed my arm until black and blue and stated we were going for a ride to a psychiatric hospital. He wrote I was admitted when I was not. In the ambulance he grabbed my cell phone, smirked and said, "I bet you can't tape us now", and "I bet you'll never report another officer". I tried reporting this to the mayor, the DA and to internal affairs but they all REFUSED to take any complaint. I have the certified letters. They tried to cover my police complaint on PO Dean Renzi by a false reports and retaliatory acts.

The night of the *ex parte* hearing I was not privy to on 6-14-06, at 8:45 PM, SIX male Yonkers police officers entered my home without my authorization, with NO PAPERS in hand, came to the bathroom where I was naked in my bath tub. PO Capuano refused to get out of and away from the bathroom so I could dress. I grabbed a towel, jumped and pushed the door closed with my foot bloody. I demanded papers and a female officer. I was denied. They said if I don't come out as is they will take me out into the street with no towel, that it was nothing to them. I said they could look at their wives but not me. I was denied any human privacy. Meanwhile I had my cell phone next to the tub and I had dialed an attorney who witnessed the entire event. The attorney wanted to speak with the police. An officer took the phone, hung up on the lawyer and kept my phone. I was denied taking my clothes, my needed medication, my purse and any life essentials. I was intimidated, berated, and forced out of my home. Sgt. Ache gave me a countdown "10..9…8…at one you are being arrested" as he rushed me out of my own home that I own, reside and pay for with my social security to my mortgage. I was served AFTER I was removed from my home, two blocks away.

On June 30, 2006, I went to family court and entered a Petition for an order of protection from



## EJ'S DISCOUNT SUPPLEMENTS

*Across From Berger Appliances*

Wide selection of your favorite brands
Vitamins • Minerals • Herbs
Protein Powders & Shakes
Meal Replacements
Ready to Drink Protein Shakes

myspace.com/ejsdiscountsupplements

*We customize your nutrition plan according to your personal needs!*

430 Commerce St., Hawthorne, NY   914.239.8839





## Westchester • New York City • CT

**ANCHOR ASSOCIATES • The Home Hunter Team**
Make The Metro North connection with a dynamic, boutique real estate firm specializing in:
Residential • Commercial Sales • Rentals, SoHo to SoNo.
www.anchornr.com   800.347.5604

**CITIZENS COMMUNITY BANK MORTGAGE DIVISION**
Offering stream-lined mortgage evaluations and experienced lending officers.
New Home Buyer Assistance • All types of Financing.
**Call Doug @ 646.393.4411**

**Anchor Associates**
1279 North Avenue Suite 2B, New Rochelle, NY • 914.636.2888

**Citizens**
COMMUNITY BANK
MORTGAGE DIVISION

**...nd,** continued from page 4

investigate. I called the Third Precinct for a supervisor. FOUR more officers came. The officers only questioned the assaulter, Potanovic. One of the new group walked over to me and said if I persist on obtaining the male's ID or insurance information, they could always take ME for psychiatric evaluation. Taking that as a threat, I called the Yonkers Mayor and the Westchester DA.

When the police report did not show MY statement, I complained to the DA and Marty Peterson of Mayor Amicone's office. Mr. Peterson had Lt. Hodges from Comm. Taggert's office contact me. Lt. Hodges had two officers take me to ADA Login at the Yonkers Cacase Justice Center in early March 2006 to address the assault. ADA Login met with the two (different) officers but he refused to meet with me, the victim of an assault. I wondered who was this Potanovic or Renzi that the assault upon me was being covered up. Lt. Hodges interrogated me. When he stated I was changing my story and that he would stick by his officer no matter what, I then stated that I taped us to prevent any misinterpretation of the truth. He was livid. The DA's office had ADA Brian Conway send a complaint dated 3-21-06, to Police Commissioner Taggert. That was the last I heard from the DA. I sent the additional related incidents to the DA and Internal Af-

fairs. I tried contacting Internal Affairs, Commissioner Taggert, Commissioner Hartnet, and Mayor Amicone by certified FOIL requests to no avail. My last call to ADA Conway ended with a threat that if I pursued asking about the police misconduct, he would consider it harassment.

On May 5, 2006, while on chemotherapy, for no cause, a Yonkers officer grabbed my arm until black and blue and stated we were going for a ride to a psychiatric hospital. He wrote I was admitted when I was not. In the ambulance he grabbed my cell phone, smirked and said, "I bet you can't tape us now", and "I bet you'll never report another officer". I tried reporting this to the mayor, the DA and to internal affairs but they all REFUSED to take any complaint. I have the certified letters. They tried to cover my police complaint on PO Dean Renzi by a false reports and retaliatory acts.

The night of the *ex parte* hearing I was not privy to on 6-14-06, at 8:45 PM, SIX male Yonkers police officers entered my home without my authorization, with NO PAPERS in hand, came to the bathroom where I was naked in my bath tub. PO Capuano refused to get out of and away from the bathroom so I could dress. I grabbed a towel, jumped and pushed the door closed with my foot bloody. I demanded papers and a female officer. I was denied. They said if I don't come out as is they will take me out into the street with no towel, that it was nothing to them. I said they could look at their wives but not me. I was denied any human privacy. Meanwhile I had my cell phone next to the tub and I had dialed an attorney who witnessed the entire event. The attorney wanted to speak with the police. An officer took the phone, hung up on the lawyer and kept my phone. I was denied taking my clothes, my needed medication, my purse and any life essentials. I was intimidated, berated, and forced out of my home. Sgt. Ache gave me a countdown "10..9...8...at one you are being arrested" as he rushed me out of my own home that I own, reside and pay for with my social security to my mortgage. I was served AFTER I was removed from my home, two blocks away.

On June 30, 2006, I went to family court and entered a Petition for an order of protection protecting me from

my brother. They refused to hear me and told me to come back. I should have been heard on Friday morning. I stated my fear and the threats that were continual and escalating. I was told to come back on Monday and denied an attorney. I was requesting that my brother receive forensic evaluation and counseling since he was accusing me of his ex-wife's problems, making false reports, intimidation and harassment.

I was in Yonkers City Jail for THREE days, deprived of my medication, put with the men. I was told that I had a choice. They could put me in the general population to receive my medication but they guaranteed me I would not survive. I took that as a threat. Then they said I had no choice and kept me in the city jail. Renzi and others questioned me for hours and admits he never read me my rights. I became VERY ill after being deprived of my medication, just off chemotherapy. I was taken to the emergency room twice. The first time I was thrown in the back of a police car, the second time via ambulance. I was abused emotionally, physically, and sexually. In the emergency room I was alone with the police much of the time. They had me in shackles and handcuffs so tight the pain was horrendous. When I asked to loosen them I was told "jail is supposed to hurt". If I fell asleep they would kick the gurney and call me a "fuckin junkie", laugh at the fact I'm a doctor saying "that's a good joke", called a "bobble head due to my neck surgeries". Touched inappropriately while shackled, I felt less than human. These are our protectors.

Abusing his authority, Laurence Porcari, for the Corporation Council, adopted the DAs case by arguing it 15 months. Mr. Porcari was only entitled to address the city code violations that he superseded into 15-18 misdemeanors on the day of my arraignment. This was retaliation and abuse of power for suing Yonkers in the 2001 Federal lawsuit regarding the city interfering with my property. Yonkers is AGAIN affecting my property by denying me my home, denying my evidence and property, denying me ANY hearing to address my improper removal with no legal process. Not only did Mr. Porcari and the Corporation Council inten-

*continued on page 24*



**SUPPLEMENTS**

...1 Berger Appliances
...our favorite brands
...erals • Herbs
...ers & Shakes
...acements
...Protein Shakes
supplements
...ng to your personal needs!

NY    914.239.8839

**Westchester • New York City • CT**

ANCHOR ASSOCIATES • The Home Hunter Team
Make The Metro North connection with a dynamic, boutique real estate firm specializing in:
Residential • Commercial Sales • Rentals. SoHo to SoNo.
www.anchornr.com   800.347.5604

CITIZENS COMMUNITY BANK MORTGAGE DIVISION
Offering stream-lined mortgage evaluations and experienced lending officers.
New Home Buyer Assistance • All types of Financing.
Call Doug @ 646.393.4411

**Citizens**
COMMUNITY BANK
MORTGAGE DIVISION

...ochelle, NY • 914.636.2888
...10022 • 212.310.0326
...• 917.604.1114         646.393.4411





THURSDAY, DECEMBER 6, 2007

## Our Readers Respond, continued from page 10

tionally keep me out of my home, they auctioned a tax lien on my home failing to notify me contrary to law.

The First Amendment allows complaints on government entities without fear of reprisal. Mr. Porcari said I should have $10,000 bail for entering a complaint about a Yonkers police officer (Renzi), and for entering a motion for the chief judge to recuse. The chief judge and his son both recused themselves due to bias. Mr. Porcari is now defending Renzi and the YPD in Federal Court where he again is denying my due process by entering ex parte communication to chambers. This type of action is unethical and grossly prejudicial to a pro se disabled litigant being victimized. Mr. Porcari objected to hearing the TOPS, and objected to me even going back into my home for clothes, my evidence, managed to destroy my entire family by denying my constitutional rights putting Liberty, Property and due process at issue along with the 4th and 14th amendments.

I requested that I be given the TOP evidentiary and fact-finding hearing and for a TOP to protect me from false complaints. The courts ignored me. I also argued speedy trial grounds. The case was entered fully submitted. I then received a decision that gave Mr. Porcari 20 additional days. I sent in opposition. 20 days passed and I still received no opposition by Mr. Porcari who fought me so vehemently for 15 months. It made no sense that he now failed to enter opposition. Judge Daly on 9-28-07 entered a decision that he was dismissing the misdemeanor Mr. Porcari entered due to speedy trial grounds. My other requests were not addressed other than the judge stating that Mr. Porcari only had authority to argue his city code issues.

My home is valuable and they are keeping me from my property, denied me a speedy trial, offered me an ACD that would have ended last July but I turned it down because I'm innocent. As punishment for turning down the ACD, I was denied a trial for 1½ years. The City of Yonkers with the Westchester DA are aggressively denying my property and my Constitutional rights.

I am now homeless they still refuse any hearing. As a last resort after exhausting my remedy, I entered the case into Federal Court for my constitutional rights. After Yonkers was notified on 10-12-07, a trial was finally held where the jury pick was from City of Yonkers employees and the police department. The accusatory instrument which was the statement Renzi wrote and had my 81year old mother sign after left carotid artery surgery 99% occluded, was changed mid-testimony. The judge allowed it. I had no witnesses testify for me, my attorney did not allow me to take the stand, and my attorney did not even cross Renzi on the fact that I reported him for misconduct and that his actions were retaliatory. After the trial I was asked by my attorney if I was going to sell my property now. I was shocked. He had given me his word he would state my version and bring in the police actions. He did nothing to defend me or state my side, the facts. He is refusing to enter a 330 pre sentencing motion, doing nothing about the fact that the DA withheld vital evidence and police notes in violation of Brady and Rosario laws.

*Dr. Sherry Bobrowski*

## THE WESTCHESTER GUARDIAN...

*Westchester's Most Influential Weekly*



**...WE ARE THERE FOR YOU EVERY WEEK:**

- KEEPING YOU CURRENT WITH WHAT'S GOING ON IN AND AROUND WESTCHESTER, AND HOW IT MIGHT IMPACT YOUR LIVES.

- DEDICATING OURSELVES TO BRINGING YOU THE WHOLE IN-DEPTH STORY, NOT ONLY PART OF IT.

**LOOK FOR US EVERY THURSDAY**





The W
ed to the u
are newsv
employed
to report f
favor or co
**RIGHT T**
or hesitati
finest trad

*The G*
residents a
weekly, ra

Last Tu
ings befor
440.10 Ap
ard DiGug
McLaughl
able showi
not have b
husband h
trial that
on the wr
lielmo for
self-defen
years ago,
expected.

Howe
era, that I
10 years o
his middl
ing, body
not be op
I would
Box is the
nothing v
chester th

Comi
one's exol
the killin
tardly lie
Hearing
the chang
Dobbs F
Westches
Richard
down the

Twel
*tunity* by
assistant
change fr

necessarily
edge that w
carefully b
ting, Westc
and colum
and around

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorneys for Defendants The City of Yonkers, The Yonkers Corporate Councel (sic),
Laurence Porcari (sic), The Yonkers Police Department,
P.O. Rienzi (sic) and P.O. John Does
City Hall, Room 300, Yonkers, New York 10701
By: Raymond P. Schmidt (RS 1713)
Assistant Corporation Counsel (914) 377-6260

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHEREEN BOBROWSKY,

                                         Plaintiff,

                  - against -

THE CITY OF YONKERS; THE YONKERS
CORPORATE COUNCEL and LAURENCE                          07 Civ. 8817 (SCR)
PORCARI; THE YONKERS CRIMINAL COURT
and JUDGE WOOD; THE YONKERS POLICE
DEPARTMENT, PO RIENZI and PO JOHN DOES;
THE WESTCHESTER FAMILY COURT and JUDGE
DAVID KLEIN; THE WESTCHESTER DA, ADA R.
SMITH, ADA LOGIN, ADA GARETTO
AND JOHN DOES,

                                         Defendants.
-----------------------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S ORDERS TO SHOW CAUSE


                          FRANK J. RUBINO
                          Corporation Counsel
                          of the City of Yonkers
                          By: _____
                          Raymond P. Schmidt
                          Assistant Corporation Counsel
                          40 South Broadway, Room 300
                          Yonkers, New York 10701
                          (914) 377-6260

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ ii

Preliminary Statement ................................................................ 1

Statement of Facts ................................................................... 2

ARGUMENT ......................................................................... 3

    POINT ONE

        THE PLAINTIFF HAS NOT MET HER BURDEN
        FOR DECLARATORY AND INJUNCTIVE RELIEF...............3

    POINT TWO

        PLAINTIFF'S REQUEST FOR DECLARATORY
        AND INJUNCTIVE RELIEF IS MOOT.............................. 5

    POINT THREE

        THIS COURT LACKS SUBJECT MATTER
        JURISDICTION ............................................................ 6

    POINT FOUR

        THE YOUNGER ABSTENTION DOCTRINE
        BARS PLAINTIFF'S CLAIMS FOR RELIEF ........................ 8

CONCLUSION ....................................................................9

## **TABLE OF AUTHORITIES**

Aikman v. County of Westchester, 491 F.Supp.2d 374 (2007) ............................ 7

Bobrowsky v. Toyota Motor Sales U.S.A., Inc., et al.,
        261 A.D.2d 349, 689 N.Y.S.2d 183 (2d Dept. 1999) .......... ..................... 5

Hope v. Pelzer, 536 U.S. 730 (2002) ....................................................... 7

Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982) ......8

Otokoyoma Co. v. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir.1999) ...........3

Saucier v. Katz, 533 U.S. 194 (2001) ....................................................... 7

Statharos v. New York City Taxi & Limousine Comm'n,
        198 F.3d 317, 321 (2d Cir.1999) ..................................................... .3

Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178 (2d Cir. 1991) cert. denied,
        502 U.S. 866 (1991) ............................................................... 8

Younger v. Harris, 401 U.S. 37 (1971) .................................................. 8

FRANK J. RUBINO
Corporation Counsel of the City of Yonkers
Attorneys for Defendants The City of Yonkers, The Yonkers Corporate Councel (sic),
Laurence Porcari (sic), The Yonkers Police Department,
P.O. Rienzi (sic) and P.O. John Does
City Hall, Room 300, Yonkers, New York 10701
By: Raymond P. Schmidt (RS 1713)
Assistant Corporation Counsel (914) 377-6260

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEREEN BOBROWSKY,

                                    Plaintiff,

                - against -

THE CITY OF YONKERS; THE YONKERS
CORPORATE COUNCEL and LAURENCE
PORCARI; THE YONKERS CRIMINAL COURT
and JUDGE WOOD; THE YONKERS POLICE
DEPARTMENT, PO RIENZI and PO JOHN DOES;
THE WESTCHESTER FAMILY COURT and JUDGE
DAVID KLEIN; THE WESTCHESTER DA, ADA R.
SMITH, ADA LOGIN, ADA GARETTO
AND JOHN DOES,

                                    Defendants.
------------------------------------------------------------------X

**MEMORANDUM
OF LAW**


07 Civ. 8817 (SCR)

## PRELIMINARY STATEMENT

Plaintiff has filed two Orders to Show Cause for injunctive and declaratory relief, and a temporary restraining order, as well as a Complaint for declaratory and injunctive relief against several defendants, including the City of Yonkers, Yonkers Corporation Counsel, Lawrence Porcari, the Yonkers Police Department, Police Officer Renzi and Police Officer John Does (hereinafter "the City"). At a Court conference held on December 5, 2007, this Court and all parties concerned were informed that Anthony John Messina, Esq. was retained by the plaintiff to represent her in this matter. At the

1

December 5, 2007 conference it was determined that plaintiff's counsel would redraft an Order to Show Cause so that the facts and allegations related to this matter could be more easily understood. The redrafted Order to Show Cause was to be served the week of December 24, 2007, with a conference to follow on January 8, 2008. Ultimately, the scheduled conference was adjourned to January 15, 2008, at which time plaintiff's counsel served the redrafted papers.

This Memorandum of Law is respectfully submitted on behalf of the City defendants, in opposition to Plaintiff's Orders to Show Cause for Declaratory and Injunctive Relief. Plaintiff's Orders to Show Cause.

## STATEMENT OF FACTS

Plaintiff has been in a lengthy, emotional, and potentially violent dispute with her elderly mother and brother over certain real property located at 88 Fanshaw Avenue in Yonkers, New York. This dispute has lead to numerous instances of civil and criminal litigation involving multiple state courts including the Yonkers City Court. There have been multiple Court Orders and Orders of Protection, one of which was violated by the Plaintiff resulting in a criminal conviction. The Supreme Court, Westchester County issued an Order quieting title to 88 Fanshaw Avenue and establishing the plaintiff as the sole owner in fee simple. I respectfully direct the Court's attention to the attached Declaration in Opposition to Request for Injunctive and Declaratory Relief dated January 25, 2008 for additional detail pertaining to these facts.

The Orders to Show Cause contain multiple allegations pertaining to the official acts of various State and City agencies and entities related to her family dispute. The related currently pending state proceedings will be discussed in greater detail herein. In

2

addition, the various orders referred to above are attached as Exhibits to the Declaration

in Opposition to Request for Injunctive and Declaratory Relief.

## ARGUMENT

### POINT ONE

### THE PLAINTIFF HAS NOT MET HER BURDEN FOR DECLARATORY AND INJUNCTIVE RELIEF

"A preliminary injunction may be granted only when the party seeking the injunction establishes that (1) absent injunctive relief, it will suffer irreparable harm, and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tips decidedly in favor of the moving party." Statharos v. New York City Taxi & Limousine Comm'n, 198 F.3d 317, 321 (2d Cir.1999) *quoting* Otokoyoma Co. v. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir.1999).

The Plaintiff does not satisfy her burden as she has failed to demonstrate that

absent injunctive relief she will suffer irreparable harm, and that there is the likelihood of

success on the merits, or that there are serious questions on the merits that make them a

fair ground for litigation and a balance of hardships tips in her favor. The plaintiff's

papers are completely devoid of any evidence or allegations that indicate she will suffer

irreparable harm without injunctive relief. On the contrary, there are currently multiple

state courts within the State of New York with proceedings pending based upon

substantially the same facts as the within matter.

Moreover, on January 15, 2008 plaintiff's counsel has informed this Court that the

Supreme Court Westchester County has found the plaintiff to be the sole owner of 88

Fanshaw Avenue. (See Plaintiff's Exhibit A). As the owner of that property the plaintiff

has numerous means available to her to resolve any issues she may have pertaining to the

property. As owner of the property the plaintiff enjoys all the rights and privileges of

ownership. For example, plaintiff can use legal proceedings to remove anyone currently living in the property; she can charge rent; she can mortgage the property; she can sell the house; or any combination of the above. In addition, she can use any proceeds or profit generated by the property for any purpose she wishes, including her own shelter.

The plaintiff's claim that she will suffer irreparable harm absent this Court's intervention is simply untrue. Moreover, the numerous options available to the plaintiff evidence the plaintiff's failure to satisfy the "irreparable harm" requirement.

Respectfully, this Court's modification of the Orders of Protection issued by courts of competent jurisdiction may not only be imprudent given the personal safety and welfare considerations at play, but it is impermissible in light of the plaintiff's numerous available options and failure to show the required irreparable harm.

The people involved in this dispute have a long history of conflict and dysfunction. Amongst plaintiff and here family there are potential mental health issues for her and her brother, possible substance abuse issues amongst them, and, significantly, there is a rifle in the house (See footnote 4, page 6 of plaintiff's Affirmation in Support of Request for Injunctive and Declaratory Relief dated January 14, 2008).

Plaintiff has admitted herself that she feels unsafe living with her mother and brother. Plaintiff states, "On June 30, 2006, I went to family court and entered a petition for an order of protection protecting me from my brother." (See Exhibit 7) The Plaintiff also refers to her "fear and the threats that were continual and escalating," and "requesting that my brother receive forensic evaluation and counseling." (See Exhibit 7).

Furthermore, despite plaintiff's counsel's assertions that the plaintiff has no mental health issues, the Appellate Division, Second Department, in a personal injury

matter brought by the plaintiff herein, refers to the plaintiff's "claim of psychiatric injury" held that the "plaintiff's psychiatric records were properly admitted into evidence" and "were properly used to impeach the witness during cross examination." Bobrowsky v. Toyota Motor Sales U.S.A., Inc., et al., 261 A.D.2d 349, 689 N.Y.S.2d 183 (2d Dept. 1999).

Respectfully, whatever factors were considered in issuing the Orders of Protection should not be ignored with such a complex, dangerous, and lengthy dispute being present amongst the plaintiff and her family.

The plaintiff has many options available to her that are much easier and safer for all parties concerned than modifying Orders of Protection that were found to be necessary on multiple occasions to protect the parties involved from themselves and each other. Respectfully, it may not be in the interests of anyone involved to place financial or real property related matters, which can be resolved in numerous other ways, above the safety and welfare concerns that numerous state courts of competent jurisdiction have clearly recognized as a basis for the issuance of Orders of Protection.

For the foregoing reasons, we respectfully submit that the plaintiff has failed to meet the required burden for declaratory and injunctive relief and all requests for such relief must be denied in their entirety.

## POINT TWO

### PLAINTIFF'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF IS MOOT

The plaintiff no longer "needs" this Court. Since the Supreme Court, Westchester County has held that the plaintiff alone is the owner in fee simple of 88 Fanshaw Avenue,

Yonkers, New York, any controversy pertaining to the within request for declaratory and injunctive relief is gone. Specifically, the issues are overripe and moot.

As previously stated, as the sole owner of the property the plaintiff has numerous options available to her to resolve any issues she faces. As stated, plaintiff's options range from selling the home, to charging rent, or the exercise of any other right a property owner would have in this particular situation. Even if, *arguendo*, the risk of irreparable harm existed at some point in the past, the Supreme Court, Westchester County's decision has completely removed such risk in its entirety. Since the plaintiff now owns the home she has a variety of means available to her to comply with the Orders of Protection **and** enjoy the rights and privileges of her real property ownership.

As such, we respectfully submit that plaintiff's requests for declaratory and injunctive relief be denied in their entirety as the claims are overripe and the request for relief moot.

## POINT THREE

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff cites numerous federal laws as the basis for this Court's subject matter jurisdiction. However, plaintiff's reliance on all such law is either improper or misplaced.

Plaintiff cites 42 U.S.C. §407(a) and (b) and 42 U.S.C. §408 in support of the allegations pertaining to her Social Security benefits and relies on said sections to provide the federal question needed to invoke this Court's subject matter jurisdiction. Plaintiff's reliance is misplaced. In pertinent part, 42 U.S.C. §407 states,

> "none of the monies paid or payable or rights existing under this subchapter shall be subject to *execution, levy, attachment, garnishment,*

6

*or other legal process*, or to the operation of any bankruptcy or insolvency law." (Emphasis added.)

Plaintiff has failed to allege that her Social Security benefits have, in fact, been executed, levied, attached, or subjected to other legal process.

Plaintiff has merely voluntarily established direct deposit for her Social Security Disability benefits and voluntarily authorized automatic electronic payment of the mortgage. The plaintiff admits this in her letter to the editor published in the December 6, 2007 issue of "The Westchester Guardian."  Plaintiff states, the "home that I own, reside, and pay for with my social security to my mortgage." (See Exhibit 7)  This arrangement is not an execution, levy, attachment, garnishment or other legal process as 42 U.S.C. §407 so requires.

The plaintiff, within a matter of minutes, could revoke the automatic electronic mortgage payment and pay her mortgage via check.  If plaintiff's argument was sound, then it would follow that any payments or obligations paid by anyone with the proceeds of Social Security would be a violation of federal law.  This is clearly not the case, and we respectfully submit that any allegations of violation of 42 U.S.C. §407(a) and (b) and 42 U.S.C. §408 are improper and untrue.

Moreover, plaintiff has not alleged the violation of any other federal right nor has she raised any federal question that would give this Court the subject matter jurisdiction necessary to modify the Orders of Protection.  Therefore, we respectfully submit that the Orders to Show Cause must be denied in their entirety as a matter of law.  Aikman v. County of Westchester, 491 F.Supp.2d 374 (2007); Saucier v. Katz, 533 U.S. 194 (2001); *see also* Hope v. Pelzer, 536 U.S. 730 (2002).

## POINT FOUR

## THE YOUNGER ABSTENTION DOCTRINE BARS PLAINTIFF'S CLAIMS FOR RELIEF

Plaintiff has numerous proceedings pending or in preparatory stages in various New York State Courts, including the Appellate Division, Second Department, Supreme Court, Westchester County, and the Yonkers City Court, Criminal Division.

Currently pending before the Appellate Division, Second Department, is Plaintiff's appeal of a Decision and Order (See Exhibit 3) of the Family Court, Westchester County denying her "Motion to Compel" wherein she sought dismissal of a family offense petition as well as other relief.

Also pending in the Yonkers City Court, Criminal Division, is a proceeding pertaining to the Plaintiff's criminal contempt for violating an Order of Protection (See Exhibits 1, 4 and 5). The Plaintiff was tried by a jury on the matter and was found guilty.

The above proceedings implicate important state interests and give the Plaintiff an adequate forum for her claims, and therefore, the abstention principles of <u>Younger v. Harris</u>, 401 U.S. 37 (1971) apply. In <u>Younger</u>, the United States Supreme Court held that abstention is appropriate if: (1) there are ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.

The Younger Abstention Doctrine is applicable to both criminal and civil state proceedings. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423 (1982); <u>Temple of the Lost Sheep, Inc. v. Abrams</u>, 930 F.2d 178 (2d Cir. 1991) *cert. denied*, 502 U.S. 866 (1991) (Abstention under the '<u>Younger</u> Doctrine' is warranted "when there is an ongoing State proceeding involving the important State interest that

8

provides plaintiffs with an adequate opportunity for judicial review of [their] federal constitutional claims").

Clearly, violations of criminal law, violations of state court orders, real property disputes, and issuing orders of protection in the interests of the public safety and welfare of state residents are "important state interests" as that term is used in the <u>Younger</u> doctrine.

Based upon the foregoing, we respectfully submit that the Orders to Show Cause be denied in their entirety as Plaintiff has an adequate opportunity for judicial review of her claims in numerous New York State Courts in satisfaction of all the elements of <u>Younger</u>.

## **CONCLUSION**

Based upon all of the foregoing, the City defendants respectfully request that all of the plaintiff's Orders to Show Cause and requests for declaratory and injunctive relief be denied in their entirety.

Dated: Yonkers, New York
      January 25, 2008

                                 Respectfully submitted,

                                 FRANK J. RUBINO
                                 Corporation Counsel
                                 of the City of Yonkers

                                 By: _____
                                 Raymond P. Schmidt
                                 Assistant Corporation Counsel
                                 40 South Broadway, Room 300
                                 Yonkers, New York 10701
                                 (914) 377-6260

TO:   Messina & Associates P.C.
Attorney for Plaintiff
81 Main Street – Suite 118
White Plains, New York 10601
914-949-9440

Susan Anspach, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271
212-416-8548

Jane Hogan Felix
Senior Assistant County Attorney
148 Martine Ave
White Plains, New York 10601
914-995-2660

STATE OF NEW YORK          )
COUNTY OF WESTCHESTER)  ss.:
CITY OF YONKERS              )

    **Maria George**, being duly sworn, deposes and says:

    That she is Legal Secretary in the Law Department, City Hall, Yonkers, New York.  That on the 29th day of January, 2008 she served the within Memorandum Of Law and Declaration In Opposition with Exhibits upon the attorneys of record in this matter by depositing a true copy of the same securely enclosed in a post-paid wrapper in a Post Office box regularly maintained by the U.S. Postal Service in City Hall, Yonkers, New York, in the County of Westchester, directed to said attorney of record at the addresses designated by them for that purpose upon the preceding papers in this action, as follows:

TO:    Messina & Associates P.C.
        Attorney for Plaintiff
        81 Main Street – Suite 118
        White Plains, New York 10601
        914-949-9440

        Susan Anspach, Esq.
        Assistant Attorney General
        120 Broadway
        New York, New York 10271
        212-416-8548

        Jane Hogan Felix
        Senior Assistant County Attorney
        148 Martine Ave
        White Plains, New York 10601
        914-995-2660

Deponent is over the age of 21 years.

*Maria George*

Sworn to before me this
29th day of January, 2008

Mary Ann Bottone
MARY ANN BOTTONE
Commissioner of Deeds
City of Yonkers, NY
Commission Expires _1/31/09_