UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | | |
|---|---|---|
| SHEREEN BOBROWSKY, | : | |
| Plaintiff, | : | 07-Civ-8817 (SCR) |
| -against- | : | |
| THE CITY OF YONKERS, THE YONKERS CORPORATE COUNSEL and LAURENCE PORCARI, THE YONKERS CRIMINAL COURT and JUDGE WOOD, THE YONKERS POLICE DEPARTMENT, PO RIENZI and PO JOHN DOES, THE WESTCHESTER FAMILY COURT and JUDGE DAVID KLEIN, THE WESTCHESTER DA, ADA R. SMITH, ADA LOGIN, ADA GARETTO and JOHN DOES, | : : : : : | **DECLARATION IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| Defendants. | : | |

------------------------------------------------------------------------x

**SUSAN ANSPACH**, declares under penalty of perjury as follows:

1. I am an Assistant Attorney General in the Office of ANDREW M. CUOMO, Attorney General of the State of New York and attorney for Defendants The Yonkers City Court, Criminal Division, the Honorable Charles Wood, The Westchester Family Court and the Honorable David Klein (collectively "State Defendants").

2. I submit this Declaration in opposition to plaintiff's request for injunctive and declaratory relief. See Counsel's Affirmation in Support of Request for Injunctive and Declaratory Relief ("Plaintiff's Affirmation"). The Court is also respectfully referred to State Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction submitted on December 3, 2007, as well as to State Defendants' Motion to Dismiss the Complaint dated November 21, 2007 for a more detailed discussion of the facts and

controlling law in this action.

**State Court Proceedings**

    3.  According to the representations of plaintiff's counsel, apparently two of the three pending state court actions have been resolved, leaving only the state criminal court action pending.  By Decision dated January 2, 2008 the Supreme Court of the State of New York, Westchester County, (Liebowitz, J.)(annexed as Exhibit A to Plaintiff's Affirmation) has found that plaintiff, "Shereen Bobrowsky is the owner in fee simple of the subject [88 Fanshaw Avenue, Yonkers, NY] premises." See Exhibit A, p.2 of Plaintiff's Affirmation.  By the January 2, 2008 Decision the state court has resolved the property dispute in plaintiff's favor, providing her the legal authority to re-possess her home, whose mortgage she alleges is being paid for with her social security disability checks.  Upon information and belief no stay has been entered in this state court proceeding, therefore allowing plaintiff to enter the subject premises without any encumbrances and obviating the need for any federal court intervention.

**The Complaint Should Be Dismissed In Its Entirety**

    4.  The fact that the property dispute in state court has now been resolved in plaintiff's favor lends even more credence to State Defendants' argument that this Court should defer to the state courts under the Younger Abstention Doctrine.   Younger v. Harris, 401 U.S. 37 (1971).  The remaining state court case, plaintiff's sentencing for her misdemeanor conviction for violating an outstanding order of protection, does not present "extraordinary circumstances." Id at 46.  She is not in danger of irreparable loss that cannot be vindicated in the state courts.  The urgency of plaintiff's request for preliminary relief, because she was not able to live in her home for which she was allegedly paying the mortgage with her social security benefits, no longer

2

exists in view of the 2008 Decision. Plaintiff as owner in fee simple can take whatever action is necessary to re-possess her home.

     5. In addition, family disputes are traditionally matters of state concern. See Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992). An adequate remedy is available to plaintiff through the state court process for her misdemeanor conviction of violating an Order of Protection. See Reinhardt v. Commonwealth of Massachusetts Department of Social Services, 715 F. Supp. 1253, 1257-1258 (S.D.N.Y.1989).

     6. State Defendants are also entitled to Eleventh Amendment immunity. Plaintiff's reliance on case law discussing legislative immunity under the Speech and Debate Clause of the U.S. Constitution is misplaced, confusing and has no application to this action. Moreover, under the 1996 amendments to §1983 judicial immunity bars claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." Collins v. Lippman, 04-Cv-3215 (FB)(LB), 2005 U.S. Dist. LEXIS 11116 at *8 (E.D.N.Y. June 8, 2005)(quoting the 1996 amendments to §1983); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

     7. One of plaintiff's state court actions, her real property action, has been resolved in her favor and another, her criminal court proceeding, on for sentencing on February 20, 2008, will soon be final and ripe for an appeal, should plaintiff so desire. Indeed, plaintiff has already indicated she has at least one basis for an appeal. See Plaintiff's Affirmation, at 10, fn. 10. Plaintiff's family dispute with her mother and brother no longer involves her ability to live at her home. Accordingly, this Court, in reliance on the Younger Abstention Doctrine, judicial immunity and the cases cited by State Defendants in their several memoranda of law, should refrain from exercising any jurisdiction over this complaint.

**WHEREFORE**, for the reasons set forth herein and in the previously filed Memoranda of Law, the State Defendants respectfully request that the Court deny plaintiff's request for injunctive and declaratory relief.

Pursuant to 28 U.S.C. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2008.

/s/

_____
SUSAN ANSPACH (SA 6968)