

Andrew J. Spano
County Executive

Office of the County Attorney
Charlene M. Indelicato
County Attorney

January 29, 2008

Honorable Stephen C. Robinson
District Judge United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:  <u>Bobrowsky v. The City of Yonkers et al.</u>
          07 Civ. 8817 (SCR)

Dear Honorable Judge Robinson:

    This office represents the defendants The Westchester County District Attorney, Assistant District Attorneys R. Smith, Assistant District Attorney Logan and Assistant District Attorney Garetto (hereinafter referred to as the "County defendants") This letter brief is respectfully submitted in response to Plaintiff's second set of papers entitled Affirmation in Support of Request for Injunctive and Declaratory Relief served on all parties in court on January 15, 2008.

    Initially it should be noted that an attempt was made by all counsel to settle this matter without the Court's intervention by accelerating the date of the Criminal Court matter and modifying the terms of the order of protection. Unfortunately the District Attorney's Office was unable to obtain the cooperation of the Bobrowskys and therefore no settlement could be reached.

    The County defendants reiterate the arguments raised in their original opposition papers filed with this Court on December 3, 2007. Essentially, it is respectfully suggested that this Court lacks subject matter jurisdiction to decide the claims brought by the plaintiff because the plaintiff is participating in parallel state proceedings which provide appropriate forums to air the plaintiff's constitutional claims. *Younger v. Harris 401 US 37 (1971)*

    Even if the Court were to exercise jurisdiction in this case plaintiff's claims should be dismissed against the County defendants because the complaint does not allege any personal involvement of the defendants in any alleged constitutional violation. Personal involvement by a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under 42 U.S.C. §1983. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir 1995) ["well settled that personal involvement of defendants in alleged

constitutional deprivations is a prerequisite under section 1983"] (*quoting Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir 1991); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir 1985) (*per curiam*) ["plaintiff must show personal involvement and not merely a link in chain of command"]. Direct and personal involvement sufficient to impose Section 1983 liability requires more than supervisory authority. The fact that an individual is in a position of supervisory authority, without a specific factual basis regarding personal involvement, is insufficient to impose personal liability pursuant to Section 1983. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978) ("The fact that defendant (sic) was in a high position of authority is an insufficient basis for the imposition of personal liability"); *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir 1986) ["personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under section 1983"].

Moreover, liability under Section 1983 is not vicarious since the doctrine of *respondeat superior* does not apply. *Johnson v. Glick*, 481 F. 2d 1028, 1034 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S. Ct. 462, ("The general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.") Therefore, to state a claim under Section 1983 against County defendants, plaintiff must allege that they were "directly and personally responsible for the purported unlawful conduct" or face dismissal of the instant complaint as "defective on its face". *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987).

To be liable under Section 1983, "the defendant must be responsible for the alleged constitutional deprivation." *Al Jundi*, 885 F.2d at 1065; *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir 1985) (*per curiam*) ("plaintiff must show personal involvement and not merely a link in chain of command"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir 1995) ("well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite under section 1983") (*quoting Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir 1991)).

An individual defendant may be personally involved for purposes of liability under 1983 in various ways. A party may have directly participated in the alleged constitutional deprivation. Absent such direct involvement, supervisory personnel will be considered if they failed to remedy a wrong after being informed of the violation. A supervisor may also be liable if they created a municipal policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; and finally, supervisors may be liable if they were grossly negligent in supervising subordinates who committed the constitutional violation. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir 1995). A Section 1983 defendant cannot be liable merely because he or she holds a high position of authority. *Schallop v. N.Y.S. Department of Law*, 20 F.Supp.2d 384, 392. (N.D.N.Y. 1998)(*citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir 1994).

In the instant case there are no allegations in the complaint about the Westchester District Attorney, Assistant District Attorney R. Smith or Assistant District Attorney Garetto. Clearly the complaint should be dismissed as to those defendants. The only reference to Assistant District Attorney Logan is that he met with Yonkers police and

afterward refused to file assault charges against an individual. Such behavior does not rise to the level of a constitutional violation and therefore the complaint against defendant Logan should be dismissed.

Even if the complaint adequately alleged constitutional violations against the named members of the Westchester District Attorney's Office the complaint would have to be dismissed because the named County defendants enjoy full prosecutorial immunity from civil liability. It is well settled that governmental officials acting in a judicial or prosecutorial capacity are absolutely immune from liability for their actions. See *Butz v. Economou*, 438 U.S. 478, 515-517. A prosecutor is entitled to absolute immunity for actions taken within the scope of official duties on initiating and pursuing a criminal prosecution and in presenting the State's case. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976); *Shapiro v. Town of Clarkstown*, 238 A.D.2d 498, 656 N.Y.S.2d 682 (2d Dep't 1997).

In determining whether absolute immunity applies, the analysis focuses on the nature of the function performed – not the way in which the function is performed. *Reid v. City of New York*, 2001 U.S. Dist. LEXIS 13789 at *11-12 (August 24, 2001) (citation omitted). Even if prosecutors behave with malice or otherwise improperly, they are entitled to immunity as long as they are performing the function of a prosecutor in so doing. *Reid* at *10-11 (citation omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (absolute immunity for conspiring to present false evidence at trial). Absolute immunity is necessary in order to enable these individuals to serve the broader public interest. *Imbler* at 427-428.

Absolute immunity extends only so far as necessary to protect the prosecutor against retaliation and hindsight challenges with respect to his prosecutorial decisions or to guarantee the effective functioning of the judicial process. *Ying Jing Gan v. The City of New York*, 996 F. 2d 522, 530, 1993 U.S. APP. LEXIS 13086 (1993). Decisions made by a prosecutor with regard to (1) whether or not to institute a prosecution and (2) his performance of his litigated-related duties are given the shield of absolute immunity. *Ying Jing Gan v. The City of New York*, 996 F.2d at 530 citing *Imbler*, 424 U.S. at 431. Accordingly then all claims against the County defendants should be dismissed. The only specific allegation in the complaint refers to a decision by ADA Logan not to institute proceedings against and individual. Such a decision is clear immunized under *Imbler*.

Respectfully submitted,

Jane Hogan Felix (JHF 4915)

cc:   Messina & Associates PC
      Susan Anspach NYS Attorney General
      Raymond P. Schmidt Yonkers Corp. Counsel